Mr. Justice GRIER..
•I concur with my brethren in affirming the judgment in this and the preceding .cases on the same subject, but for reasons differing somewhat from those expressed by the other members of the court; and. as I concurred mainly with the opinion;' delivered 'by Mr. Justice McLean in the casé of Thurlow v. Massachusetts, I had concluded to be silent, and therefore am not prepared to express my views at length. I take this occasion, however,, to remark, that ■the true question presented by these cases, and one which I am not disposed to .evade, is, whether the States have a right to prohibit the sale and consumption of an article of commerce which they believe to be pernicious in . its effects, and the cause of 'disease, pauperism, and crime. I do not. consider the question of the exclusiveness of . the power of Congress to regulate commerce as' necessarily connected with the decision of this point.'
It has been frequently decided by this court, u that' the powers which relate to merely municipal regulations, or what m’ay more properly be called internal police, are not surrendered by the States, or restrained by the constitution of the United States; ■ and that consequently, in relation to these, the authority of a State is complete, unqualified, and conclusive.” Without attempting to definé what are the peculiar subjects or limits of this power,, it may safely be affirmed, .that every law for the restraint and punishment of crime, For the preservation of. thé public peacé, health, and morals, must come within this category:
*632 . As subjects of legislation, they are from their very nature of primary importance ; they lie at the foundation of. social existence ; they are for the protection of life and liberty, and necessarily compel all laws on subjects of secondary importance, which relate only to property, convenience, or luxury, to recede, when they come in conflict or collision, “ salus populi suprema lex.”
If the right to control these; subjects be “ complete, unqualified, and exclusive ” in the State legislatures, no regulations of secondary importance can supersede or restrain their operations, on any ground of prerogative or supremacy. The exigencies of the social compact require that such laws be executed before and above all others.
It is for this reason that quarantine laws, which protect the public health, compel mere commercial regulations to submit to their control. They restrain the liberty of the passengers, they operate on the ship which is the instrument of commerce, and its officers and crew, the agents of navigation. They seize the infected cargo, and cast it overboard.-' The soldier and the sailor, though in the service of the government, are arrested, imprisoned, and punished for their offences against society. Paupers and convicts are refused admission into the country. All these things are done, not from any power which the States assume to regúlate commerce or to interfere with the regulations of Congress, but because police laws for the preservation of health, prevention of crime, and protection .of the public welfare, must of necessity have full and free operation, according to the exigency which requires their interference.
It is not necessary for the sake of .justifying the State legislation now under consideration to array the appalling statistics of misery, pauperism, and crime which have their origin in the use or abuse of ardent spirits. The police power, which is exclusively in the States, is alone competent to the correction of these great evils, and all measures of restraint or prohibition necessary to effect the purpose are within the scope of that authority. There is no conflict of power, or of .legislation, as between the States and the United States; each is acting within its sphere, and for the public good, and if a loss of revenue, should accrue to the United States from a diminished consumption of ardent spirits, she will- be the gainer a thousandfold in the health, wealth, and happiness of the people.

Order.

Samuel Thurlow v. The Commonwealth of Massachusetts.
This cause came on to be heard on the transcript of the record from the Supreme Judicial Court, holden in and for the county of Essex, in the Commonwealth of. Massachusetts, and was argued by counsel. O.n consideration whereof, it is now here ordered and ad *633 judged by this court, that the judgment of the said Supreme Judicial Court'in this cause be and the same is hereby affirmed, with, costs.

Order.

Joel Fletcher v. The State of Rhode Island and Providence Plantations.
This cause came on to be heard on the transcript of the record from the Supreme Court of the State of Rhode Island and Providence Plantations, holden at Providence, Vithin and for the county of Providence, • and was argued by counsel. On consid ion whereof, it is now here ordered and adjudged by this court, that the judgment of the said Supreme. Court in this cause be and the same is hereby affirmed, with costs.
Order.
Andrew Peirce, junior, and Thomas W. Peirce, v. The State of New Hampshire.
This cause came on to be heard on the transcript of the record from the Superior Court of Judicature in and “for, the first judicial district of the State of New Hampshire, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that the judgment of the. said Superior Court of Judicature in this cause be and the same is hereby affirmed, with costs.